UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY D HOUSE,

          Plaintiff,

v.                                                  Case No. 24-cv-1100-bhl

RACINE COUNTY SHERIFF DEPARTMENT and
CHRISTOPHER SCHMALING,

          Defendants.

## SCREENING ORDER

      On August 29, 2024, Jeffrey D. House, proceeding *pro se*, filed a civil rights complaint against the Racine County Sheriff's Department and Sheriff Christopher Schmaling. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

      House reports he is unmarried and unemployed, with $943.00 in monthly Supplemental Security Income (SSI) and expenses for rent and phone service totaling $1060.00. (ECF No. 2 at 1–3.) He lists no assets of any kind. (*Id.* at 3–4.) Based on House's representations, supported by his signed declaration under penalty of perjury, the Court concludes that he cannot afford the filing fee.

### SCREENING THE COMPLAINT

      In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to

provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

House's complaint is devoid of any factual allegations. He alleges generally that the Racine County Sheriff and Sheriff's Department "interfered with an established and protected right" and "owed [Plaintiff] a constitutional duty and failed [t]o perform that duty." (ECF No. 1 at 2.) House alleges that various of his rights were violated, including "substantive . . . and procedural due process," "liberty and property interest," and his "rights under [the] [F]ifth and [F]ourteenth Amendment[s]." (*Id.* at 2–3.) He also alleges that the defendants, "acting under color of law," "abandoned ministerial duties, failed to keep exact Register, and failed to service notice of hearing to [P]laintiff." (*Id.* at 2.) He indicates that he is suing for violations of federal law under 28 U.S.C. § 1331 and requests $300,000 in compensatory damages and $300,000 in punitive damages. (*Id.* at 4.)

## ANALYSIS

House's allegations are insufficient to state a claim for relief. He does not allege any facts that would plausibly support a claim for relief. At best, he generally alleges legal conclusions that

the defendants violated several of his constitutional rights. But he provides no insight into *how* the Racine County and Sheriff and Sheriff's Department violated those rights. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. While *pro se* complaints are held to a less stringent standard than a formal pleading drafted by a lawyer, *Alvarado v. Litscher*, 267 F.3d 648, 650 (7th Cir. 2001), House's complaint provides no notice to the defendants of the factual basis for his claims against them. Accordingly, his complaint must be dismissed.

Because House is proceeding without a lawyer, the Court will allow him another chance to file an amended complaint that provides sufficient factual allegations to support his constitutional claims. If House decides to proceed with this lawsuit, he should allege facts that plainly state the basis for his claims and how the defendants violated his rights. House is advised that his amended complaint must include the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If House wishes to continue with this lawsuit, his amended complaint must be filed by **October 3, 2024**.

## Conclusion

Accordingly,

**IT IS THEREFORE ORDERED** that House's motion for leave to proceed *in forma pauperis*, (ECF No. 2), is **GRANTED**.

**IT IS FURTHER ORDERED** that House's Complaint, ECF No. 1, is **DISMISSED without prejudice**. If House wishes to proceed with this lawsuit, he must file an amended complaint. An amended complaint must be filed with the Court on or before **October 3, 2024**. If the Court does not receive House's amended complaint by that date, the case will be dismissed for his failure to prosecute pursuant to Civil L.R. 41(c) and for failure to state claim.

Dated at Milwaukee, Wisconsin on September 3, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge