UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY D HOUSE,

          Plaintiff,

v.                                          Case No. 24-cv-1100-bhl

CHRISTOPHER SCHMALING, et al.,

          Defendants.

## SCREENING ORDER

On August 29, 2024, Jeffrey D. House, proceeding *pro se*, filed a civil rights complaint against the Racine County Sheriff's Department and Sheriff Christopher Schmaling. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court screened the complaint on September 3, 2024, and concluded that House was sufficiently indigent for a fee waiver but had failed to state a claim for relief. (ECF No. 4.) The Court directed House to file an amended complaint if he wished to continue this lawsuit, which he did on September 9, 2024. (ECF No. 5) House's amended complaint names "Racine County Sheriff civil process," "Racine County Jail detention facility," John Doe, and Sheriff Schmaling as defendants. As explained below, House's amended complaint also fails to state a claim for relief against any defendant. Accordingly, it will be dismissed, this time without leave to amend.

### SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE AMENDED COMPLAINT

House alleges that John Doe, an employee of "Racine County Sheriff's Office, Civil Process" "operating under color of law," "failed to execute ministerial duty" while House was in custody of the Racine County Jail. (ECF No. 5 at 2.) House indicates that this occurred on August 23 and/or 26, 2021. (*Id.*) He alleges that "[t]he defendant failed to provide[] [House] with notice of [a] writ hearing schedule[d] for September 8, 20221 in Racine County. (*Id.*) "Racine County Sheriff civil process [division's] failure to exercise reasonable due [diligence]" and serve him with notice caused House to lose "liberty and property protections," "procedural due process rights," and the "ability to participate in [the] hearing." (*Id.* at 3.) House also invokes the Fifth and Fourteenth Amendments and requests compensatory and punitive damages. (*Id.* at 3–4.) He states that he is suing for violation of federal law under 28 U.S.C. § 1331. (*Id.* at 4.)

## ANALYSIS

House's allegations remain insufficient to state a claim for relief. While House does not explicitly invoke 42 U.S.C. § 1983, his allegations that John Doe was "operating under color of law" and invocation of constitutional rights suggest that he is requesting relief for violations of his constitutional rights under that provision. To state a claim under Section 1983, House must plausibly allege that (1) he was deprived of a constitutional or federal right; and (2) the defendant

deprived him of that right while acting under color of state law. *Ienco v. City of Chicago*, 286 F.3d 994, 997–98 (7th Cir. 2002). House has not done so.

House has not stated claims against Defendants "Racine County Sheriff civil process" and "Racine County Jail detention facility" because they are not proper parties for a Section 1983 suit. In Wisconsin, a sheriff's department (or a division without that department) "is not a legal entity separable from the county government which it serves and is therefore, not subject to suit." *Whiting v. Marathon Cnty. Sheriff's Dept*, 382 F.3d 700, 704 (7th Cir. 2004). The same is true of Racine County Jail. *Higginbottom v. Racine Cnty. Sheriff Dept.*, No. 13-CV-1333-JPS, 2015 WL 5512952, at *4 (E.D. Wis. Sept. 17, 2015) (citing *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012)).

House also fails to state a claim against Racine County Sheriff Christopher Schmaling. The amended complaint does not allege any personal involvement by Schmaling in the conduct that House complains about. Section 1983 "does not allow actions against individuals merely for their supervisory role of others." *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000). To state a Section 1983 claim against an individual, even one in a supervisory capacity, a plaintiff must allege that the individual personally caused or participated in the alleged constitutional deprivation. *Id.* (citing *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996)). Because the amended complaint contains no allegations at all that are directed at Sheriff Schmaling, House's claims against Schmaling must be dismissed.

The only remaining defendant is the unidentified John Doe defendant, but House's allegations are insufficient to support a claim against that person too. House alleges that the Doe Defendant, while operating under color of law, "failed to execute ministerial duty" while House was in custody of the Racine County Jail on August 23 and/or 26, 2021. House cites Wis. Stat. § 59.27(4), which requires the county sheriff or his subordinates to "serve and execute all processes, writs, precepts and orders issued or made by lawful authority and delivered to the sheriff." But a state law cannot form the basis of a Section 1983 claim, which requires deprivation of a federal right. *See Ienco*, 286 F.3d at 997–98. Even crediting House's generalized allegations against "[t]he Defendant" as against Doe specifically, House has not provided enough factual details to state a claim. He states only that "[t]he Defendant" failed to provide him with "notice of [a] writ hearing" scheduled for September 8, 2021 in Racine County. These bare-bones allegations are insufficient even to identify the John Doe defendant and to put that individual on notice of how he

or she allegedly violated House's due process or other federal rights. Accordingly, having given House the chance to amend his complaint to state a valid claim, and House having failed to do so, the amended complaint will be dismissed without leave to amend.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that House's amended complaint and this case are **DISMISSED** for failure to state a claim. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 3, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge